No. 24,129.

J. H. Mosing, *Appellee,* v. Bankers' Oil Company et al., *Appellants.*

SYLLABUS BY THE COURT.

Master and Servant — *Authority of President of Corporation to Employ Help— Sunday Labor.* The proceedings considered in an action to recover compensation for services rendered an oil company, and *held,* judgment for the plaintiff is not subject to reversal on the ground the president of the company had no authority to employ the plaintiff, or on the ground the contract was one for Sunday labor.

Appeal from Franklin district court; Hugh Means, judge. Opinion filed January 6, 1923. Affirmed.

*W. B. Pleasant,* of Ottawa, for the appellant.
*R. R. Redmond,* of Ottawa, for the appellee.

The opinion of the court was delivered by

Burch, J.: The plaintiff recovered compensation for services rendered to the defendant as foreman and as pumper in the operation of a described lease. The defendant appeals.

The petition alleged the plaintiff was employed on behalf of the defendant by its president, W. E. Walker. The evidence established the contract of employment and the rendition of service. When the plaintiff changed from foreman to pumper, he had a conversation with Walker about his pay, which had been eight dollars per day. He testified as follows:

"I asked him the first day of April here at the carbon plant whether he was

intending to pay me $8.00 a day or not. He asked me if I thought I deserved it. I said I was doing more work than I was then, and he said, 'You have raised my production, and I am going to let it go at that.' "

The plaintiff worked 108 days. The defendant is a foreign corporation, and introduced no evidence.

The president of the company appears to have been in the field, assumed authority to hire a foreman, observed the foreman's conduct of operations, and noted the resulting benefit to the company's business. Under the circumstances, the company was chargeable with notice of how its business was being conducted. It did not repudiate the contract, and appropriated the plaintiff's labor for more than three months. Employment of the plaintiff was an act which the company's board of directors might have committed to its president, or might have ratified, and they must be deemed to have acquiesced in the president's management of affairs.

The defendant says the plaintiff's account of his time showed he worked on Sunday, and consequently the contract was void, and the judgment as a whole is erroneous. Illegality of the contract was not pleaded as a defense. After the time for filing a motion for a new trial had gone by, the defendant moved that the judgment be modified by disallowing pay for the Sundays on which the plaintiff worked. If the issue of illegality had been presented regularly, perhaps the plaintiff might have shown that his Sunday work was a work of necessity. As it was, the court was not obliged to reopen the case.

The judgment of the district court is affirmed.